UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JONATHAN TELLEZ<br><br>        Plaintiff,<br><br>   -v-<br><br>ENHANCED RECOVERY COMPANY,<br>LLC<br><br>        Defendant. | CASE NO.: 1:19-cv-05143<br><br>JUDGE:<br><br>COMPLAINT<br>JURY DEMAND ENDORSED HEREON |

Plaintiff, Jonathan Tellez, for his complaint against Enhanced Recovery Company, LLC ("Defendant"), states as follows:

## NATURE OF THE ACTION

1.  Plaintiff brings this action seeking damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA"), and the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/10a ("ICFA"), for Defendant's unlawful collection practices as more fully described in this complaint.

## JURISDICTION AND VENUE

2.  This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is therefore conferred upon this Court by 15 U.S.C § 1692k and 28 U.S.C. §§ 1331, 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. § 1367.

3.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant transacts business within the Northern District of Illinois and the events and/or omissions giving rise to the claims made in this complaint occurred within the Northern District of Illinois.

PARTIES

4.    Plaintiff, Jonathan Tellez ("Mr. Tellez"), is a natural adult person residing in Elgin, Illinois, which lies within the Northern District of Illinois.

5.    Mr. Tellez is a "consumer" as that term is defined by § 1692a(3) of the FDCPA.

6.    Mr. Tellez is a "person" as that term is defined and/or used within the ICFA.

7.    Defendant, Enhanced Recovery Company, LLC, is a Delaware company in the business of collecting consumer debts on behalf of others within the State of Illinois and throughout the United States.  As such, Defendant regularly uses the mails and/or telephone to collect, or attempt to collect, delinquent consumer accounts.

8.    In its communications to consumers, Defendant identifies itself as a "debt collector."

9.    Defendant is registered with the Illinois Secretary of State, bearing file number 03320618 and has been in business since 2010.

10.  Defendant is a "debt collector" as that term is defined by § 1692a(6) of the FDCPA.

11.  Defendant is a "person" as that term is defined and/or used within the ICFA.

FACTS SUPPORTING CAUSES OF ACTION

12.   On April 18, 2019 Mr. Tellez was checking his credit reports, he noticed an entry bearing Defendant's name reporting in collection status for T-Mobile in the amount of $1,357.00 (the "Subject Debt").  Relevant pages from Mr. Tellez's Experian credit report, dated April 26, 2019, are attached to this complaint as Exhibit A.

13.   Defendant updated its credit reporting on Mr. Tellez's credit reports as recently as April 21, 2019.  *See* Exhibit A.

14.   The Subject Debt will be on the credit report until March 2020 and was incurred in March 2013. *Id.*

15. On or around April 26, 2019, Mr. Tellez logged onto Defendant's website (https://pay.ercbpo.com/app/default.aspx) to find more information about the entry on his credit report and the Subject Debt Defendant was attempting to collect from him (the "Portal"). Relevant pages from the Portal, dated April 26, 2019, are attached to this complaint as Exhibit B.

16. On the Portal, Defendant identified itself as a debt collector attempting to collect upon a debt. *See* Exhibit B.

17. On the Portal, Defendant represented that Mr. Tellez owed Defendant a total balance of $1,357.02 in connection with a debt Mr. Tellez allegedly owed to T-Mobile from March of 2013. *Id.*

18. Defendant attempted to collect on the Subject Debt by offering payment options: "SET UP PAYMENT PLAN," "Pay balance in Full" and "Contribute towards your balance." *Id.*

19. The applicable statute of limitations for the Subject Debt states, in relevant part:

> "Except as provided in Section 2-725 of the 'Uniform Commercial Code', approved July 31, 1961, as amended, and Section 11-13 of 'The Illinois Public Aid Code', approved April 11, 1967, as amended, actions on unwritten contracts, expressed or implied . . . shall be commenced within 5 years next after the cause of action accrued." *See* 735 ILCS 5/13-205.

20. Thus, given the applicable five (5) year statute of limitations and the fact that the Subject Debt fell into default in March of 2013, as of April 26, 2019, the date Mr. Tellez accessed the Portal, the Subject Debt was a time-barred debt, *i.e.*, it fell outside the applicable statute of limitations.

21. Despite the time-barred status of the Subject Debt, nowhere on the Portal did Defendant disclose or explain to Mr. Tellez that the Subject Debt was time-barred and/or that Defendant could not sue Mr. Tellez to collect it.

22.   Despite the time-barred status of the Subject Debt, at no point on the Portal did Defendant disclose or explain to Mr. Tellez that by paying, or even just agreeing to pay, any portion of the Subject Debt, or merely acknowledging the Subject Debt as valid, it could have the effect of resetting the applicable statute of limitations as to the Subject Debt, possibly subjecting Mr. Tellez to further legal liability.

23.   Confused and concerned after Defendant's credit reporting and representations on the Portal, and questioning the validity of Defendant's claim to the Subject Debt, Mr. Tellez reached out to his attorneys for assistance and clarification regarding his rights.

24.   After a reasonable time to conduct discovery, Mr. Tellez believes he can prove that all actions taken by Defendant as described in this complaint were taken willfully and/or with knowledge that its actions were taken in violation of the law.

### DAMAGES

25.   Plaintiff was misled by Defendant's collection activity on the Portal.

26.   Plaintiff justifiably fears that, absent this Court's intervention, Defendant will continue to attempt to collect payment from him on time-barred debt(s) and ultimately cause unwarranted harm to his credit or otherwise harm him economically.

27.   Plaintiff justifiably fears that, absent this Court's intervention, Defendant will continue to use unlawful methods and/or means in its attempts to collect the Subject Debt from him.

28.   As a result of Defendant's conduct, Plaintiff was forced to hire counsel and his damages therefore include reasonable attorneys' fees incurred in prosecuting this claim.

29.   As a result of Defendant's conduct, Plaintiff is entitled to statutory damages, punitive damages and all other appropriate measures to punish and deter Defendant and other debt collection agencies from engaging in the unlawful collection practices described in this complaint.

<u>GROUNDS FOR RELIEF</u>
COUNT I
<u>VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT</u>
<u>*15 U.S.C. §§ 1692e, e(2)(A), e(10) and f*</u>

30.  All prior paragraphs are incorporated into this count by reference.

31.  The FDCPA states, in relevant part:

> "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (2) The false representation of -- (A) the character, amount, or legal status of any debt; (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §§ 1692e, e(2)(A) and e(10).

> "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f.

32.  Defendant violated 15 U.S.C. §§ 1692e, e(2)(A), e(10), and f on the Portal, in conjunction with its April 21, 2019 credit reporting, by attempting to collect the Subject Debt after omitting the disclosure of information to Plaintiff regarding the Subject Debt's time-barred status and the potential legal consequences of Plaintiff paying, or agreeing to pay, upon the subject time-barred debt. Defendant knew, or should have known, that the Subject Debt was time-barred, yet neglected to provide complete and/or accurate disclosure of the same to Plaintiff.

33.  Such omissions served only to confuse and intimidate Plaintiff in the hopes that he waived his rights and affirmative defenses under the law. Plaintiff was unable to adequately determine the character and legal status of the Subject Debt based upon Defendant's representations and omissions, and was unable to effectively determine the potential legal consequences of making, or arranging to make, a payment on the Subject Debt.

34.  As an experienced debt collector, Defendant knows that its representations to consumers concerning the legal status of an alleged debt owed, and the consumer's rights under the FDCPA

and/or the applicable statute of limitations, are required to be truthful, complete and accurate, and disclosed without any intent to mislead or deceive.

35. As Plaintiff had no prior contractual relationship or dealings with Defendant, Plaintiff was justifiably confused and skeptical of the representations and/or omissions regarding the legal status of the Subject Debt, as well as Defendant's ability to legally collect upon it.

36. As set forth in paragraphs 25 through 29 above, Plaintiff has been harmed and has suffered damages as a result of Defendant's unlawful collection practices as described in this complaint.

COUNT II
VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT
*815 ILCS 505/2*

37. All prior paragraphs are incorporated into this count by reference.

38. Defendant's collection activity in connection with the Subject Debt constitutes "conduct of any trade or commerce" as that phrase is defined and/or used within the ICFA.

39. The ICFA states, in relevant part:

> "Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby." 815 ILCS 505/2.

> "Any person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person. The court, in its discretion may award actual economic damages or any other relief which the court deems proper." 815 ILCS 505/10a.

40. Defendant violated the ICFA, namely 815 ILCS 505/2, by engaging in unfair, abusive, and deceptive conduct in its transactions with Plaintiff by, *inter alia*: (i) attempting to collect the Subject Debt after omitting the disclosure of information to Plaintiff regarding the Subject Debt's

6

time-barred status, namely, that Defendant could no longer sue Plaintiff to collect the Subject Debt; (ii) attempting to collect the Subject Debt after omitting the disclosure of information to Plaintiff regarding the potential legal consequences of Plaintiff paying, or agreeing to pay, upon the Subject Debt; and (iii) creating the false impression that Defendant could still sue Plaintiff to collect the Subject Debt.

41.   Defendant knew, or should have known, that the Subject Debt was time-barred, yet failed to provide complete and/or accurate disclosure of same to Plaintiff.

42.   Defendant intended that Plaintiff rely on its misrepresentations and/or omissions in order to procure immediate payment of the Subject Debt and/or prevent Plaintiff from exercising his rights.

43.   As set forth in paragraphs 25 through 29 above, Plaintiff has been harmed and has suffered damages as a result of Defendant's unlawful collection practices as described in this complaint.

44.   As such, Plaintiff is entitled to relief pursuant to 815 ILCS 505/10a.

45.   Defendant's actions as set forth in this complaint were malicious, willful and/or undertaken with such reckless disregard of Plaintiff's rights that malice may be inferred, subjecting Defendant to liability for punitive damages under the ICFA in such an amount to be proved at trial.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Jonathan Tellez, respectfully requests that this Court enter judgment in his favor as follows:

A.   Awarding Plaintiff actual damages, in such amounts as determined by the jury, as provided under 15 U.S.C. § 1692k and 815 ILCS 505/10a;

B.   Awarding Plaintiff statutory damages in the amount of $1,000.00, as provided under 15 U.S.C. § 1692k(a)(2)(A);

C.   Awarding Plaintiff punitive damages, in such an amount as determined by the jury, as provided under 815 ILCS 505/10a;

7

D.   Awarding Plaintiff the costs of this action and reasonable attorneys' fees, as provided under 15 U.S.C. § 1692k(a)(3) and 815 ILCS 505/10a; and

E.   Awarding Plaintiff such other and further relief as may be just and proper.


DATED this 30th day of July, 2019.                     Respectfully Submitted,


                                                        */s/ Kristen C. Wasieleski*
                                                        Kristen C. Wasieleski #6303018
                                                        David S. Klain #0066305
                                                        CONSUMER LAW PARTNERS, LLC
                                                        333 N. Michigan Ave., Suite 1300
                                                        Chicago, Illinois 60601
                                                        (267) 422-1000 (phone)
                                                        (267) 422-2000 (fax)
                                                        kristen.w@consumerlawpartners.com

                                                        *Counsel for Plaintiff*




                               JURY DEMAND

     Pursuant to FED. R. CIV. P. 38(b), Plaintiff demands a trial to a jury on all issues of fact.

                                                        */s/ Kristen C. Wasieleski*
                                                        Kristen C. Wasieleski #6303018
                                                        CONSUMER LAW PARTNERS, LLC




                                        8